UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM J. JONES, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:22-CV-69 SPM ) ) |
| DAN REDINGTON, | ) ) |
| Respondent. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner William J. Jones' application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Because it appears the petition is time-barred, the Court will order petitioner to show cause why it should not be dismissed.

### Background

Petitioner is presently incarcerated at Northeast Correctional Center (NECC) in Bowling Green, Missouri. In the instant petition, he challenges the judgment entered in *State v. Jones,* No. 1522-CR807-01 (22nd Judicial Circuit, St. Louis City Court). In that case, petitioner pled guilty on April 13, 2016, to statutory sodomy in the first degree and furnishing pornographic material, or attempting to furnish such material, to a minor. On that same date, he was sentenced to serve a total of twelve (12) years' imprisonment. He did not seek direct review of his conviction and sentence.

On November 15, 2019, petitioner filed a post-conviction motion to vacate his sentence pursuant to Missouri Supreme Court Rule 24.035. *See Jones v. State*, No. 1922-CC12003 (22nd Judicial Circuit, St. Louis City Court). The matter was summarily dismissed as untimely on February 25, 2022. *Id.*

1

The Court received the instant petition on September 22, 2022. The prison mailbox rule does not apply in this action as petitioner did not sign the instant petition, nor has petitioner declared in the petition the date he placed the petition in the mailing system at NECC. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

## Discussion

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, judgment was final on April 13, 2016, and petitioner had ten (10) days therefrom to file a notice of appeal. *See* Mo. Sup. Ct. R. 30.01(a) and Mo. Sup. Ct. R. 81.04(a). Because petitioner did not seek direct review, judgment became final for purposes of the federal habeas statute on April 23, 2016, the date upon which the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A). Petitioner therefore had one year from that date to his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. However, he did not file the instant

2

petition until September 22, 2022, more than five years later.[1] It therefore appears the petition is time-barred, and the Court will order petitioner to show cause why it should not be dismissed as such. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before *sua sponte* dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty (30) days from the date of this order**, why his petition should not be dismissed as time-barred.

**Petitioner's failure to timely comply with this order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 23rd day of September, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] The Court takes judicial notice that petitioner filed a prior habeas corpus action pursuant to 28 U.S.C. § 2254 in this Court on August 19, 2019. *See Jones v. Lawson*, No. 4:19-CV-2433 NAB (E.D.Mo). The matter was dismissed on October 28, 2019, due to petitioner's failure to exhaust his administrative remedies, as well as due to the untimeliness of petitioner's habeas corpus action. *Id.*

3