UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM J. JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 2:22-CV-69 SPM |
| v. | ) |
| | ) |
| DAN REDINGTON, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon petitioner's response to the Order to Show Cause why this action should not be dismissed as untimely. Because the record shows that the application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is time-barred, this action will be denied and dismissed.

**Background**

Petitioner is presently incarcerated at Northeast Correctional Center (NECC) in Bowling Green, Missouri. In the instant petition, he challenges the judgment entered in *State v. Jones,* No. 1522-CR807-01 (22nd Judicial Circuit, St. Louis City Court). In that case, petitioner pled guilty on April 13, 2016, to statutory sodomy in the first degree and furnishing pornographic material, or attempting to furnish such material, to a minor. On that same date, he was sentenced to serve a total of twelve (12) years' imprisonment. He did not seek direct review of his conviction and sentence.

On November 15, 2019, petitioner filed a post-conviction motion to vacate his sentence pursuant to Missouri Supreme Court Rule 24.035. *See Jones v. State*, No. 1922-CC12003 (22nd

1

Judicial Circuit, St. Louis City Court). The matter was summarily dismissed as untimely on February 25, 2022. *Id.*

The Court received the instant petition on September 22, 2022. The prison mailbox rule does not apply in this action as petitioner did not sign the instant petition, nor has petitioner declared in the petition the date he placed the petition in the mailing system at NECC. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

On September 23, 2022, the Court ordered petitioner to show cause why this action should not be dismissed as untimely pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner responded to the Court's Order on October 5, 2022.

## Discussion

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, judgment was final on April 13, 2016, and petitioner had ten (10) days therefrom to file a notice of appeal. *See* Mo. Sup. Ct. R. 30.01(a) and Mo. Sup. Ct. R. 81.04(a). Because petitioner did not seek direct review, judgment became final for purposes of the federal habeas statute on April 23, 2016, the date upon which the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A). Petitioner therefore had one year from that date to his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. However, he did not file the instant petition until September 22, 2022, more than five years later.[1]

In his response to the Order to Show Cause, petitioner asserts that he is entitled equitable tolling of the statute of limitations due to "abandonment of his post-conviction counsel." Petitioner, however, does not articulate when he believes he was "abandoned" by his post-conviction counsel, and the Court notes that he did not file his post-conviction motion to vacate until November 15, 2019, more than two and a half years after his statute of limitations had already expired.[2] *See Jones v. State*, No. 1922-CC12003 (22nd Judicial Circuit, St. Louis City Court).

Equitable tolling "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). The one-year limitations period set forth in the AEDPA may be equitably tolled if a petitioner demonstrates: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and

---

[1] The Court takes judicial notice that petitioner filed a prior habeas corpus action pursuant to 28 U.S.C. § 2254 in this Court on August 19, 2019. *See Jones v. Lawson*, No. 4:19-CV-2433 NAB (E.D.Mo). The matter was dismissed on October 28, 2019, due to petitioner's failure to exhaust his administrative remedies, as well as due to the untimeliness of petitioner's habeas corpus action. *Id.* Thus, even if the Court were to relate this action back to petitioner's prior one in this Court, this action would still be untimely.

[2] Petitioner was sentenced on April 13, 2016. Thus, his statute of limitations expired on or about April 23, 2017.

prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013).

Even if petitioner's argument for "abandonment of post-conviction counsel" could constitute extraordinary circumstances, movant has not shown that he pursued his rights diligently. That is, over six years have elapsed since petitioner's judgment became final, and movant was untimely in filing his post-conviction motion to vacate. The Court, therefore, finds that petitioner's motion is time-barred, and will deny and dismiss petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 7th day of October, 2022.

                                                HENRY EDWARD AUTREY
                                              UNITED STATES DISTRICT JUDGE